Electronically FILED by Superior Court of California, County of Los Angeles on 06/16/2021 12:27 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

N. Nick Ebrahimian, Esq. (SBN 219270)
nebrahimian@lelawfirm.com
Tielle Shu, Esq. (SBN 303085)
Tshu@lelawfirm.com
Victoria Carthorn, Esq. (SBN 322505)
vcarthorn@lelawfirm.com
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Blvd. Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001

Attorneys for PLAINTIFF,
WILVER DUARTE

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| WILVER DUARTE;<br><br>            PLAINTIFF,<br><br>vs.<br><br>ST. JOHN BAPTIST DE LA SALLE SCHOOL; THE ROMAN CATHOLIC ARCHBISHOP OF LOS ANGELES; ARCHDIOCESE OF LOS ANGELES; ARCHDIOCESE OF LOS ANGELES EDUCATION & WELFARE CORPORATION; and DOES 1 TO 100, inclusive,<br><br>            DEFENDANTS. | Case No.: 21STCV22442<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND RELIEF FOR:**<br><br>1.  **AGE DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940(A)**<br><br>2.  **DISABILITY BASED ASSOCIATIONAL DISCRMINATION IN VIOLATION OF GOVERNMENT CODE § 12926(o) OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**<br><br>3.  **VIOLATIONS OF GOVERNMENT CODE § 12945.1 OF THE CALIFORNIA FAMILY RIGHTS ACT**<br><br>4.  **RETALIATION FOR REQUESTING/TAKING MEDICAL LEAVE IN VIOLATION OF GOVERNMENT CODE § 12945.2(l) OF THE CALIFORNIA FAMILY RIGHTS ACT**<br><br>5.  **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY** |

**DEMAND FOR JURY TRIAL**

PLAINTIFF, WILVER DUARTE ("PLAINTIFF") believes and thereon alleges against Defendants ST. JOHN BAPTIST DE LA SALLE SCHOOL; THE ROMAN CATHOLIC ARCHBISHOP OF LOS ANGELES; ARCHDIOCESE OF LOS ANGELES; ARCHDIOCESE OF LOS ANGELES EDUCATION & WELFARE CORPORATION; and DOES 1 TO 100, inclusive ("DEFENDANTS"), as follows:

## I. JURISDICTION AND VENUE

1.      This Court has personal jurisdiction over each of the Defendants because they are residents of and/or doing business in the State of California.

2.      Under California Code of Civil Procedure section 395(a), venue is proper in this county because DEFENDANTS, or some of them, reside or do business in the State of California, County of Los Angeles.

3.      At all times herein, PLAINTIFF was a resident of the State of California, County of Los Angeles.

4.      The amount in controversy in this matter exceeds the sum of $25,000.00, exclusive of interest, costs, and fees.

5.      PLAINTIFF has exhausted all administrative requirements for proceeding with claims under the Fair Employment and Housing Act ("FEHA"), codified at California Government Code, section 12960, *et seq.*, by timely filing administrative complaints with the Department of Fair Employment and Housing ("DFEH") and receiving a Right-to-Sue Letter.  PLAINTIFF filed a complaint with the DFEH on or about May 7, 2021.  A true and correct copy of PLAINTIFF's DFEH Complaint is attached hereto as **Exhibit 1**.  PLAINTIFF immediately received a Notice of Case Closure and Right-to-Sue letter dated May 7, 2021.  A true and correct copy of the Right-to-Sue Letter is attached hereto as **Exhibit 2**.  On May 18, 2021, PLAINTIFF provided notice of the DFEH Complaint and Right-to-Sue Letter to EMPLOYER DEFENDANTS. PLAINTIFF's proof of service by mail of the DFEH Complaint and Right-to-Sue Letter is attached hereto as **Exhibit 3** and incorporated by reference.

## II. PARTIES

6.     At all times relevant herein, Defendant ST. JOHN BAPTIST DE LA SALLE SCHOOL is and was conducting business in the State of California, County of Los Angeles.

7.     At all times mentioned hereinafter in this complaint, Defendant ST. JOHN BAPTIST DE LA SALLE SCHOOL, and DOES 1 to 25 shall be referred to as "ST. JOHN BAPTIST DE LA SALLE SCHOOL."

8.     At all times relevant herein, Defendant THE ROMAN CATHOLIC ARCHBISHOP OF LOS ANGELES is and was conducting business in the State of California, County of Los Angeles.

9.     At all times mentioned hereinafter in this complaint, Defendant THE ROMAN CATHOLIC ARCHBISHOP OF LOS ANGELES, and DOES 26 to 50 shall be referred to as "THE ROMAN CATHOLIC ARCHBISHOP OF LOS ANGELES."

10.     At all times relevant herein, Defendant ARCHDIOCESE OF LOS ANGELES EDUCATION & WELFARE CORPORATION is and was conducting business in the State of California, County of Los Angeles.

11.     At all times mentioned hereinafter in this complaint, Defendant ARCHDIOCESE OF LOS ANGELES EDUCATION & WELFARE CORPORATION, and DOES 51 to 75 shall be referred to as "ARCHDIOCESE OF LOS ANGELES EDUCATION & WELFARE CORPORATION."

12.     At all times relevant herein, Defendant ARCHDIOCESE OF LOS ANGELES is and was conducting business in the State of California, County of Los Angeles.

13.     At all times mentioned hereinafter in this complaint, Defendant ARCHDIOCESE OF LOS ANGELES EDUCATION & WELFARE CORPORATION, and DOES 76 to 100 shall be referred to as "ARCHDIOCESE OF LOS ANGELES EDUCATION & WELFARE CORPORATION."

14.     At all times mentioned hereinafter, ST. JOHN BAPTIST DE LA SALLE SCHOOL; THE ROMAN CATHOLIC ARCHBISHOP OF LOS ANGELES; ARCHDIOCESE OF LOS ANGELES; ARCHDIOCESE OF LOS ANGELES EDUCATION & WELFARE

CORPORATION; and Does 1 to 100 shall be referred to as "DEFENDANTS" or "EMPLOYER DEFENDANTS".

15.   At all times relevant herein, PLAINTIFF was employed by EMPLOYER DEFENDANTS in the State of California, County of Los Angeles.

16.   The true names and capacities of the Defendants named herein as Does 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to PLAINTIFF who therefore sues such Defendants by fictitious names pursuant to California Code of Civil Procedure section 474.  PLAINTIFF is informed and believes that all of the Doe Defendants are California residents.  PLAINTIFF will amend this Complaint to show such true names and capacities when they have been determined.

17.   PLAINTIFF is informed and believe that at all times relevant herein, each defendant designated, including Does 1 through 100, was the agent, managing agent, principal, owner, partner, joint venturer, representative, manager, servant, employee, and/or co-conspirator of each of the other Defendants, and was at all times mentioned herein acting within the course and scope of said agency and employment, and that all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and consent of each defendant designated herein.

18.   PLAINTIFF is informed and believe and thereon allege that at all relevant times each of the DEFENDANTS was the integrated enterprise, joint employer of PLAINTIFF and was engaged with some or all of the other DEFENDANTS in a joint enterprise for profit and bore such other relationships to some or all of the other DEFENDANTS so as to be liable for the conduct of them. PLAINTIFF performed services for each and every one of DEFENDANTS, and to the mutual benefit of all DEFENDANTS, and all DEFENDANTS shared control of PLAINTIFF as employers, either directly or indirectly, and of the manner in which DEFENDANTS' business was conducted.

19.   PLAINTIFF is informed and believe and thereon allege that all DEFENDANTS acted pursuant to and within the scope of the relationships alleged above, that all DEFENDANTS knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other DEFENDANTS and that all DEFENDANTS acted pursuant to a conspiracy and

1  agreement to do the things alleged herein. PLAINTIFF makes the allegations in this complaint

2  without any admission that, as to any particular allegation, PLAINTIFF bears the burden of pleading,

3  proof, or persuasion, and PLAINTIFF reserves all of PLAINTIFF's rights to plead in the alternative.

4  ### III. FACTS COMMON TO ALL CAUSES OF ACTION

5      20.    Plaintiff was born on May 20, 1973, making him 48 years old.

6      21.    PLAINTIFF was hired by DEFENDANTS in or around January 2015, as a

7  Maintenance Manager.

8      22.    PLAINTIFF performed his duties in a satisfactory manner throughout his employment

9  with DEFENDANTS.

10      23.    During PLAINTIFF's employment, PLAINTIFF sought to take and/or took CFRA

11  leave and/or leave that was CFRA eligible, including intermittent leave. PLAINTIFF exercised his

12  rights to take and/or did take CFRA leave, as well as asserted/exercised his rights to take CFRA leave.

13      24.    In or around October 2020, PLAINTIFF's son was diagnosed with cancer, which

14  required treatment, chemotherapy, and follow up appointments. PLAINTIFF notified

15  DEFENDANTS of his son's cancer diagnosis, and notified DEFENDANTS of the need to take time

16  off work to take care of his son. In or around October 2020, PLAINTIFF's son underwent surgery.

17      25.    At all times, PLAINTIFF kept DEFENDANTS updated on the days he needed off

18  work to attend his son's doctor's appointments and/or chemotherapy treatment sessions. Further,

19  PLAINTIFFF requested and/or took time off to care for his son's cancer treatment and doctor's

20  appointments.

21      26.    On or around November 9, 2020, PLAINTIFF submitted an intermittent leave of

22  absence request to DEFENDANTS to care of his son's cancer treatment and doctor's appointments.

23      27.    DEFENDANTS, however, denied PLAINTIFF's request for intermittent leave.

24      28.    In or around November 2020, Plaintiff notified DEFENDANTS that he needed a  week

25  off for his son's cancer treatment.

26      29.    In or around December 2020, Plaintiff submitted another intermittent leave of absence

27  request to DEFENDANTS for time off work for his son's cancer treatment and doctor's appointments.

28      30.    In or around January 2021, Plaintiff requested and/or took some days off work for his

son's treatment for his cancer.

31.     On or about January 12, 2021, DEFENDANTS terminated PLAINTIFF'S employment.

32.     At the time of PLAINTIFF's termination, he was 47 years old.

33.     PLAINTIFF is informed and believes and thereon alleges that EMPLOYER DEFENDANTS terminated PLAINTIFF's employment not for any legitimate reason but because PLAINTIFF was associated with a person who had or was perceived to have a disability, because PLAINTIFF sought to take and/or took CFRA leave to care for a family member's serious health condition, and because of PLAINTIFF's age.

34.     PLAINTIFF has not been employed by DEFENDANTS since approximately January 12, 2021, and has not been re-hired, re-employed, or reinstated since that time.

<u>**FIRST CAUSE OF ACTION**</u>

**AGE DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940(a)**

**(By PLAINTIFF Against all DEFENDANTS and DOES 1-100)**

35.     PLAINTIFF hereby incorporates by reference each and every paragraph, as if fully set forth herein.

36.     The California Fair Employment and Housing Act, as codified at Government Code section 12900, *et seq.* ("FEHA") makes it unlawful to for an employer to discriminate against an employee on the basis of the employee's age.

37.     At all times relevant herein, EMPLOYER was an employer who employed five (5) or more employees and was therefore bound by FEHA.

38.     Plaintiff was an employee of EMPLOYER.

39.     Plaintiff was born on May 20, 1973, making him 48 years old.

40.     At all times relevant herein, DEFENDANTS knew that Plaintiff was born on May 20, 1973.

41.     DEFENDANTS, acting through its managing agents, terminated Plaintiff's employment on or about January 12, 2021.  At the time of his termination, Plaintiff was 47 years old.

42.     Plaintiff is informed and believes, and based thereon alleges, that his age was a

1 substantial and motivating reason for DEFENDANTS' decision to terminate Plaintiff's employment,

2 in violation of Government Code Section 12940(a).

3      43.    Plaintiff is informed and believes, and based thereon alleges, that the decision to

4 terminate Plaintiff was made and/or ratified by DEFENDANTS' managing agents, officers, and/or

5 directors who were conscious of Plaintiff's rights under FEHA, but disregarded those rights and acted

6 with the intent to cause Plaintiff injury by terminating his employment. DEFENDANTS' disregard

7 of Plaintiff's rights under FEHA is in violation of statute and public policy and would be looked down

8 on and despised by reasonable persons.

9      44.    As a direct and proximate result of the aforementioned adverse employment actions

10 by DEFENDANTS against Plaintiff, Plaintiff has suffered and continues to sustain substantial losses

11 in earnings and other employment benefits, in an amount according to proof at trial.

12      45.    As a direct and proximate result of the aforementioned adverse employment actions

13 by EMPLOYER against Plaintiff, Plaintiff has suffered humiliation, emotional distress, and mental

14 pain and anguish, all to Plaintiff's damage, in an amount according to proof at trial.

15      46.    The conduct which PLAINTIFF complains of in this complaint, and which is alleged

16 above, was carried out by the DEFENDANTS willfully, intentionally, and with oppression, malice

17 and fraud and was carried out with conscious disregard of PLAINTIFF rights as and as such

18 PLAINTIFF are entitled to an award of exemplary damages according to proof. The aforementioned

19 conducted on which punitive damages is alleged, as described hereinabove, was done with the

20 advance knowledge by an officer, director and/or managing agent of DEFENDANTS, of the unfitness

21 of the employee, and the employee was employed with a conscious disregard of the rights and/or

22 safety or others. The aforementioned conducted on which punitive damages is alleged, as described

23 hereinabove, was authorized, ratified and/or committed by an officer, director, and/or managing agent

24 of EMPLOYER.

25      47.    Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in

26 an amount according to proof at trial.

27     //

28     //

**SECOND CAUSE OF ACTION**

**Violation of Government Code § 12926(o) of the**

**California Fair Employment and Housing Act [FEHA]**

**(By PLAINTIFF Against all DEFENDANTS and DOES 1-100)**

48.     PLAINTIFF hereby incorporates by reference each and every paragraph, as if fully set forth herein.

49.     Pursuant to Government Code Section 12926(o), the California Fair Employment and Housing Act ("FEHA") prohibits employment discrimination based on an employee's association with a person who is (or is perceived to be) disabled.

50.     At all times relevant herein DEFENDANTS was an employer who employed five (5) or more employees and was therefore bound by FEHA.

51.     At all relevant times mentioned herein, PLAINTIFF was an employee of DEFENDANTS.

52.     PLAINTIFF's son suffered from a disability which required PLAINTIFF's attention.

53.     PLAINTIFF was somewhat inattentive at work because he was concerned with his son's recovery but not so inattentive that he couldn't perform his job duties to DEFENDANTS' satisfaction.

54.     DEFENDANTS, acting through managing agents, terminated PLAINTIFF's employment on or around January 12, 2021.

55.     PLAINTIFF is informed and believes and based thereon alleges that PLAINTIFF's association with his son who suffered from a disability was a substantial motivating factor in DEFENDANTS' decision to terminate PLAINTIFF's employment in violation of Government Code Section 12926(o).

56.     As a proximate result of the aforementioned adverse employment actions by DEFENDANTS against PLAINTIFF, PLAINTIFF has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

57.     As a proximate result of DEFENDANTS' wrongful termination of PLAINTIFF's employment, PLAINTIFF has suffered humiliation, emotional distress, and mental pain and anguish,

1    all to PLAINTIFF's damage in an amount according to proof at trial.

2         58.    The conduct which PLAINTIFF complains of in this complaint, and which is alleged

3    above, was carried out by DEFENDANTS willfully, intentionally, and with oppression, malice and

4    fraud and was carried out with conscious disregard of PLAINTIFF's rights. As such, PLAINTIFF is

5    entitled to an award of exemplary damages according to proof.  The conduct on which punitive

6    damages are alleged, as described hereinabove, was done by a wrongdoer-employee(s) with advanced

7    knowledge by an officer, director and/or managing agent of DEFENDANTS, of the unfitness of the

8    wrongdoer-employee(s), and DEFENDANTS employed the wrongdoer-employee(s) with a

9    conscious disregard of the rights and/or safety or others. The aforementioned conduct on which

10   punitive damages is alleged, as described hereinabove, was authorized, ratified and/or committed by

11   an officer, director, and/or managing agent of DEFENDANTS.

12        59.    PLAINTIFF has also incurred and continues to incur attorneys' fees and legal

13   expenses in an amount according to proof at trial.

**THIRD CAUSE OF ACTION**

**Violation of Government Code § 12945.1 of the**

**California Family Rights Act [CFRA]**

**(By PLAINTIFF against all DEFENDANTS and Does 1-100)**

18        60.    PLAINTIFF hereby incorporates by reference each and every paragraph, as if fully set

forth herein.

20        61.    The California Family Rights Act, codified in Government Code §§ 12945.1, et seq.

("CFRA"), requires an employer to provide employees with certain rights to leave to attend to serious

health conditions for themselves and close family members.

23        62.    At all relevant times mentioned herein, PLAINTIFF was an employee of

DEFENDANTS.

25        63.    DEFENDANTS employed 50 (fifty) or more employees within seventy-five (75)

miles of PLAINTIFF'S workplace.

27        64.    On all occasions that PLAINTIFF took medical leave, PLAINTIFF had more than

twelve (12) months' service with DEFENDANTS, had worked at least one thousand two hundred

fifty (1,250) hours for DEFENDANTS during the previous twelve (12) months, and had taken no more than twelve (12) weeks of family or medical leave in the preceding twelve (12) month period.

65.     PLAINTIFF took medical leave for to care for an immediate family member with a serious health condition.

66.     PLAINTIFF provided reasonable notice to DEFENDANTS of PLAINTIFF's need for family and medical leave, including its timing and length.

67.     DEFENDANTS failed and refused to provide PLAINTIFF the family and medical leave that PLAINTIFF was entitled to, improperly failed to designate PLAINTIFF'S leave as family and medical leave, and/or failed to return PLAINTIFF to the same or comparable job when PLAINTIFF's family and medical leave ended.

68.     As a proximate result of the aforementioned adverse employment actions by DEFENDANTS against PLAINTIFF, PLAINTIFF has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

69.     As a proximate result of DEFENDANTS' wrongful termination of PLAINTIFF's employment, PLAINTIFF has suffered humiliation, emotional distress, and mental pain and anguish, all to PLAINTIFF's damage in an amount according to proof at trial.

70.     The conduct which PLAINTIFF complains of in this complaint, and which is alleged above, was carried out by DEFENDANTS willfully, intentionally, and with oppression, malice and fraud and was carried out with conscious disregard of PLAINTIFF's rights. As such, PLAINTIFF is entitled to an award of exemplary damages according to proof.  The conduct on which punitive damages are alleged, as described hereinabove, was done by a wrongdoer-employee(s) with advanced knowledge by an officer, director and/or managing agent of DEFENDANTS, of the unfitness of the wrongdoer-employee(s), and DEFENDANTS employed the wrongdoer-employee(s) with a conscious disregard of the rights and/or safety or others. The aforementioned conduct on which punitive damages is alleged, as described hereinabove, was authorized, ratified and/or committed by an officer, director, and/or managing agent of DEFENDANTS.

71.     PLAINTIFF has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

**FOURTH CAUSE OF ACTION**

**Retaliation for Requesting/Taking Medical Leave in Violation of**

**Government Code § 12945.2(l) of the California Family Rights Act [CFRA]**

**(By PLAINTIFF against all DEFENDANTS and Does 1-100)**

72. PLAINTIFF hereby incorporates by reference each and every paragraph, as if fully set forth herein.

73. The California Family Rights Act ("CFRA"), codified in Government Code Section 12945.1, et seq., requires an employer to provide employees with certain rights to leave to attend to serious health conditions for themselves and close family members.

74. At all relevant times mentioned herein, PLAINTIFF was an employee of DEFENDANTS.

75. DEFENDANTS employed 50 (fifty) or more employees within seventy-five (75) miles of PLAINTIFF'S workplace.

76. On all occasions that PLAINTIFF took medical leave, PLAINTIFF had more than twelve (12) months' service with DEFENDANTS, had worked at least one thousand two hundred fifty (1,250) hours for DEFENDANTS during the previous twelve (12) months, and had taken no more than twelve (12) weeks of family or medical leave in the preceding twelve (12) month period.

77. PLAINTIFF took medical leave to care for an immediate family member with a serious health condition.

78. PLAINTIFF provided reasonable notice to DEFENDANTS of PLAINTIFF's need for family and medical leave, including its timing and length.

79. DEFENDANTS retaliated against PLAINTIFF because PLAINTIFF exercised PLAINTIFF's right to family and medical leave to care for an immediate family member with a serious health condition, by terminating PLAINTIFF's employment and stating false reasons for doing so.

80. As a proximate result of the aforementioned adverse employment actions by DEFENDANTS against PLAINTIFF, PLAINTIFF has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

81.     As a proximate result of DEFENDANTS' wrongful termination of PLAINTIFF's employment, PLAINTIFF has suffered humiliation, emotional distress, and mental pain and anguish, all to PLAINTIFF's damage in an amount according to proof at trial.

82.     The conduct which PLAINTIFF complains of in this complaint, and which is alleged above, was carried out by DEFENDANTS willfully, intentionally, and with oppression, malice and fraud and was carried out with conscious disregard of PLAINTIFF's rights. As such, PLAINTIFF is entitled to an award of exemplary damages according to proof.  The conduct on which punitive damages are alleged, as described hereinabove, was done by a wrongdoer-employee(s) with advanced knowledge by an officer, director and/or managing agent of DEFENDANTS, of the unfitness of the wrongdoer-employee(s), and DEFENDANTS employed the wrongdoer-employee(s) with a conscious disregard of the rights and/or safety or others. The aforementioned conduct on which punitive damages is alleged, as described hereinabove, was authorized, ratified and/or committed by an officer, director, and/or managing agent of DEFENDANTS.

83.     PLAINTIFF has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

### FIFTH CAUSE OF ACTION

**Wrongful Termination in Violation of Public Policy**

**(By Plaintiff against all DEFENDANTS and DOES 1-100)**

84.     PLAINTIFF hereby incorporates by reference each and every paragraph, as if fully set forth herein.

85.     As set forth herein, DEFENDANTS wrongfully terminated PLAINTIFF's employment in violation of various fundamental public policies of the State of California. These fundamental policies are embodied in, *inter alia*, the following statutes, codes, and regulations: Government Code Section 12926(o), Government Code Section 12945.1, Government Code Sections 12940(a) and 12926, and Government Code Section 12945.2(l).

86.     Government Code Sections 12940(a) and 12926 of FEHA state that employment discrimination based upon age is contrary to the public policy of the State of California.

87.     The prohibition against employment discrimination based upon age is a substantial

and fundamental public policy of the State of California.

88.     At all times relevant herein, DEFENDANTS was an employer who employed five (5) or more employees and was therefore bound by FEHA.

89.     Plaintiff was an employee of DEFENDANTS.

90.     Plaintiff was born on May 20, 1973, making him 48 years old.

91.     At all times relevant herein, DEFENDANTS knew that Plaintiff was born on May 20, 1973.

92.     DEFENDANTS, acting through its managing agents, terminated Plaintiff's employment on or about January 12, 2021.  At the time of his termination, Plaintiff was 47 years old.

93.     Plaintiff is informed and believes, and based thereon alleges, that his age was a substantial and motivating reason for DEFENDANTS' decision to terminate Plaintiff's employment, in violation of Government Code Section 12940(a), and contrary to the substantial and fundamental public policy in the State of California against age discrimination.

94.     Pursuant to Government Code Section 12926(o), the California Fair Employment and Housing Act ("FEHA") prohibits employment discrimination based on an employee's association with a person who is (or is perceived to be) disabled.

95.     Government Code Section 12945.1, *et seq.*, prohibits an employer from terminating or otherwise discriminating against an employee who exercises his or her statutory right to take family and medical leave for his or her own serious medical condition or that of an immediate family member.

96.     The prohibition against employment discrimination based upon taking family and medical leave is a substantial and fundamental public policy of the State of California. *Nelson v. United Technologies* (1999) 74 Cal.App.4th 597, 608-612.

97.     DEFENDANTS terminated PLAINTIFF'S employment in violation of the public policy against discrimination based on exercise of rights to family and/or medical leave under CFRA.

98.     PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, acting through managing agents, terminated PLAINTIFF's employment in violation of the aforementioned fundamental public policies.

99. As a proximate result of the aforementioned adverse employment actions by DEFENDANTS against PLAINTIFF, PLAINTIFF has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at trial.

100. As a proximate result of DEFENDANTS' wrongful termination of PLAINTIFF's employment, PLAINTIFF has suffered humiliation, emotional distress, and mental pain and anguish, all to PLAINTIFF's damage in an amount according to proof at trial.

101. The conduct which PLAINTIFF complains of in this complaint, and which is alleged above, was carried out by DEFENDANTS willfully, intentionally, and with oppression, malice and fraud and was carried out with conscious disregard of PLAINTIFF's rights. As such, PLAINTIFF is entitled to an award of exemplary damages according to proof. The conduct on which punitive damages are alleged, as described hereinabove, was done by a wrongdoer-employee(s) with advanced knowledge by an officer, director and/or managing agent of DEFENDANTS, of the unfitness of the wrongdoer-employee(s), and DEFENDANTS employed the wrongdoer-employee(s) with a conscious disregard of the rights and/or safety or others. The aforementioned conduct on which punitive damages is alleged, as described hereinabove, was authorized, ratified and/or committed by an officer, director, and/or managing agent of DEFENDANTS.

102. PLAINTIFF has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at trial.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for relief and judgment against DEFENDANTS as follows:

A. For such general, special and compensatory damages as may be appropriate, including all damages alleged above;

B. For past and future lost income and benefits according to proof;

C. For emotional distress damages;

D. For exemplary damages;

E. For pre-judgment and post-judgment interest on all damages awarded;

F. Costs of suit;

1    G.    Reasonable attorneys' fees pursuant to FEHA; and

2    H.    Such other relief as the Court deems just and proper.

3    Dated:  June 16, 2021                    Respectfully submitted,

4                                             **LAVI & EBRAHIMIAN, LLP**

5                                             By: _____

6                                                 N. Nick Ebrahimian, Esq.
                                                  Tielle Shu, Esq.
7                                                 Victoria Carthorn, Esq
                                                  Attorneys for PLAINTIFF
8                                                 WILVER DUARTE

9

10                    **DEMAND FOR TRIAL BY JURY**

11

12       PLAINTIFF WILVER DUARTE hereby demands trial by jury.

13

14   Dated:  June 16, 2021                    Respectfully submitted,
                                              **LAVI & EBRAHIMIAN, LLP**

15                                            By: _____

16                                                N. Nick Ebrahimian, Esq.
                                                  Tielle Shu, Esq.
17                                                Victoria Carthorn, Esq
                                                  Attorneys for PLAINTIFF
18                                                WILVER DUARTE

19

20

21

22

23

24

25

26

27

28